IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRANDI STAGGS-HOMADY, )
 )
      Plaintiff, )
 )
 ) CIV-13-1368-D
v. )
 )
CAROLYN W. COLVIN, )
  Acting Commissioner of Social )
  Security Administration, )
 )
      Defendant. )

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

I. Background

Plaintiff applied for benefits on April 25, 2011 (protective filing date), alleging she became unable to work on May 15, 2007. (TR 110, 128). Plaintiff alleged that she was disabled due to bipolar disorder, degenerative disc disease, anxiety, bleeding ulcers, asthma,

1

migraine headaches, possible cervical and ovarian cancer, and gastrointestinal reflux disease. (TR 135). Plaintiff had an eighth grade education and previously worked as a cashier, certified nurse's assistant, and deli worker, although she had minimal earnings from these jobs. (TR 123, 136). At Plaintiff's request, a hearing was conducted on July 26, 2012, before Administrative Law Judge Baldwin ("ALJ"). During the hearing, Plaintiff and a vocational expert ("VE") testified. (TR 29-45).

The ALJ issued a decision on September 12, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 15-28). Following the agency's well-established sequential evaluation procedure, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since April 25, 2011, her application date. (TR 17). At step two, the ALJ found that Plaintiff had severe impairments due to degenerative disc disease, status post two-level fusion, postlaminectomy syndrome of the lumbar spine, bipolar disorder, anxiety disorder, and personality disorder. (TR 17). At the third step, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the requirements of a listed impairment. (TR 17).

At step four, the ALJ reviewed the medical and non-medical evidence in the record (TR 19-27) and found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work.[1] (TR 19). The ALJ set forth the following limitations on

---

[1]Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . . A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). See Social Security Ruling ("SSR") 83-10.

Plaintiff's ability to perform light work:

> She must be allowed the opportunity to alternatively sit/stand at the workstation without an interruption of productivity. She can occasionally push/pull including the operation of hand/foot controls. She can frequently balance, and occasionally stoop, kneel, crouch and crawl. She has no postural, manipulative, visual, communicative or environmental limitations. She has mental limitations in that she can understand, remember, comprehend and carry out simple instructions and tasks; can work on a superficial basis with supervisors and co-workers; and cannot work with the general public.

(TR 19). The ALJ found that Plaintiff had no past relevant work. Relying on the VE's testimony concerning the availability of jobs for an individual with Plaintiff's vocational characteristics and RFC for work, the ALJ found at the fifth and final step that there were a significant number of jobs available in the economy which Plaintiff could perform, including the jobs of small parts assembler, laundry bagger, and laundry sorter. (TR 27). Based on these findings, the ALJ denied Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence

---

1983 WL 31251, at *5 -*6 (light work requires lifting 20 pounds and frequently lifting up to 10 pounds, plus standing or walking 6 hours in an 8 hour day).

in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

### III. Step Four - RFC for Work

Plaintiff contends that the ALJ erred in determining Plaintiff's RFC for work and also asserts that substantial evidence does not support the Commissioner's step five decision. Specifically, Plaintiff contends that the ALJ did not specify the frequency of Plaintiff's need to alternate sitting and standing. The Commissioner responds that no error occurred in the ALJ's evaluation of the evidence and RFC determination and contends that substantial evidence supports the decision.

"[T]he burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC . . . to perform work in the national economy, given her age, education, and work experience." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)(internal quotation marks and citation omitted). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her

4

work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, *1. The RFC determination "must include a narrative discussion describing how the evidence supports each conclusion, . . . [and explain] any material inconsistencies or ambiguities in the evidence in the case record. . . . ." Id. at *7 (footnote omitted).

In an administrative ruling adopted by the agency in 1983, SSR 83-12 discusses the analysis of a disability application in which a claimant, like Plaintiff, is limited to a certain range of work within the light or sedentary exertional categories. The ruling states:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
> There are some jobs in the national economy - typically professional and managerial ones - in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4.

In this case, the ALJ obtained vocational testimony, as recommended in the policy ruling, in order to "to clarify the implications for the occupational base" for Plaintiff. The VE testified that a hypothetical individual with Plaintiff's RFC limitations could perform three jobs, that of small parts assembler, laundry bagger, or laundry sorter.

Relying on SSR 96-9p and several unpublished Tenth Circuit Court of Appeals decisions, Plaintiff contends that the ALJ erred by not specifying the frequency of Plaintiff's need to alternate sitting and standing in the RFC finding and hypothetical inquiry. SSR 96-9p provides that "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96–9p, 1996 WL 374185, at *5. While it is true that SSR 96–9p explicitly applies in the case of sedentary work, not light work, see Vititoe v. Colvin, 549 Fed. Appx. 723, 731 (10th Cir. 2013) ("But SSR 96–9p applies in cases where the claimant is limited to less than the full range of sedentary work and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of light work, so SSR 96–9p is not applicable."), the policy's guidelines are applicable in this case because "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work." Vail v. Barnhart, 84 Fed. Appx. 1, 4 (10th Cir. 2003)(citing 20 C.F.R. § 404.1567(b)).

Defendant argues that there was no need for greater specificity in the RFC finding and

hypothetical inquiry because the VE's testimony was not ambiguous and there was no medical evidence to support a more specific limitation. However, this same argument was previously rejected by this Court. In Newton v. Colvin, 2013 WL 6169298 (W.D.Okla. 2013)(Report and Recommendation, Mitchell, M.J.)(adopted, Miles-LaGrange, Chief D.J.), United States Magistrate Judge Mitchell found that an ALJ's RFC finding of a need for "a sit/stand option" failed to define how often the claimant was able to sit without standing or changing positions. Further, Judge Mitchell found that the VE's testimony could not provide substantial evidence to support the ALJ's decision where the decision and hypothetical question posed to the VE failed to include the "key facts" of the specific frequency of the claimant's need to alternate sitting and standing. Id. at *3.

In another unpublished decision by a United States Magistrate Judge in the District of Kansas, later adopted by the court, Magistrate Judge Reid found that an RFC limitation and hypothetical question limiting the claimant to light work allowing "alternating sitting and standing" was not sufficient and required a remand because "[t]he regulations and case law . . . make clear that the ALJ must be specific in setting forth the frequency of a claimant's need to alternate between sitting and standing." Fairbanks v. Astrue, 2007 WL 2176029, *4 (D.Kan. 2007)(unpublished op.). See also Carrell v. Colvin, 2014 WL 4854699 (E.D.Okla. 2014)(unpublished op.)(adopting Report and Recommendation, Shreder, M.J., 2014 WL 4854693, *4)(E.D.Okla. 2014)(recommending that Commissioner's decision be reversed and remanded for further proceedings where ALJ simply stated claimant would need to be allowed "to alternately sit and stand throughout the day" and it was unclear whether claimant

7

could perform the jobs found by the ALJ given the RFC limitation); Waltemire v. Colvin, 2014 WL 3809189 (D.Kan. 2014)(holding "ALJ erred when he merely asked VE whether a 'sit/stand option' - without any specifics - would affect the jobs identified as available in the national and local economies" because "[w]ithout sufficient specificity about the frequency of the need to alternate between sitting and standing, the VE's answer does not constitute substantial evidence to support the ALJ's decision").

Although an RFC limitation and hypothetical questioning of a VE is sufficiently specific when an ALJ includes an "at will" or "as needed" requirement to a sit/stand limitation, Jimison ex rel. Sims v. Colvin, 513 Fed. Appx. 789, 792 (10th Cir. 2013)(unpublished op.); Vail v. Barnhart, 84 Fed. Appx. at 5, during Plaintiff's hearing the ALJ explored with the VE the availability of jobs for an individual who needed to sit/stand "at will" and the VE testified that none of the identified jobs would be available for Plaintiff. (TR 44). Because none of the occupations identified by the VE would permit an at-will sit/stand option, the VE's testimony in response to the vague sit/stand RFC finding "suffered from important gaps in analysis" and was not specific enough to provide substantial evidence to support the ALJ's step five determination. See Vail, 84 Fed. Appx. at 5; see also SSR 96-9p, 1996 WL 374185.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the Commissioner for further evaluation of Plaintiff's RFC with respect to the frequency of her required sit/stand option, whether any jobs exist which Plaintiff can perform in light of her RFC for work, and, ultimately, whether she is disabled.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter REVERSING the decision of the Commissioner and REMANDING the case to the Commissioner for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 22nd 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    2nd    day of    December   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE